In the United States District Court

for the ___Aiken Division_____ District of ___South Carolina___

United States of America

v.

__Patricia L. Hopkins__

Criminal No.  1:06-596

CRO6-92

Consent to Transfer of Case

for Plea and Sentence

(*Under Rule 20*)

I, __Patricia L. Hopkins__, defendant, have been informed that an___indictment___ (*indictment, information, complaint*) is pending against me in the above designated cause. I wish to plead __guilty__ (*guilty, nolo contendre*) to the offense charged, to consent to the disposition of the case in the _____

District of __Delaware_____ in which I __reside_____ (*am under arrest, am held*) and to waive

trial in the above captioned District.

Dated: ___JUNE 27_____, 2006 at COLUMBIA S.C.

_____
(*Defendant*)

_____
(*Witness*)

_____
(*Counsel for Defendant*)

**A TRUE COPY**
Attest: Larry W. Propes

By: _____
DEPUTY CLERK

F I L E D

AUG 2 9 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

Approved

_____
REGINALD I. LLOYD
United States Attorney for the

_____ District of

South Carolina

_____
United States Attorney for the

_____ District of

DELAWARE

FORM USA-153
SEP 82

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIM. NO.: _1: 06-596_ |
| | ) | 21 U.S.C. 846 |
| v. | ) | CR 06-92 |
| | ) | |
| PATRICIA L. HOPKINS | ) | |
| | ) | INDICTMENT |

COUNT 1

THE GRAND JURY CHARGES:

That beginning in or around August 2004, continuing thereafter up to and including

the date of this Indictment, in the District of South Carolina and elsewhere, the

Defendant, **PATRICIA L. HOPKINS**, knowingly and intentionally did combine,

conspire, confederate and agree and have a tacit understanding with others, both known

and unknown to the Grand Jury, unlawfully to distribute and possess with intent to

distribute Oxycodone (commonly known as OxyContin) a Schedule II controlled

substance, in violation of Title 21, United States Code, Section 841(a)(1) and

841(b)(1)(C);

All in violation of Title 21, United States Code, Sections 846.

F I L E D

AUG 2 9 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

A __TRUE__ BILL

A TRUE COPY
Attest: Larry W. Propes
By: Mary E. Dell
DEPUTY CLERK

s/Foreman
    FOREMAN

s/Reginald I. Lloyd
REGINALD I. LLOYD    (WDHjr)
UNITED STATES ATTORNEY

PENALTY:

21 USC 846:

**MAXIMUM SENTENCE THIS COUNT
FINE OF $1,000,000 (18 USC 3571)
IMPRISONMENT FOR 20 YRS
SUPERVISED RELEASE FOR 3 YRS  (18 USC 3583)
SPECIAL ASSESSMENT $100.00 (18 USC 3013)**

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No: 1:06-596 |
| | ) | |
| v. | ) | |
| | ) | **PLEA AGREEMENT** |
| PATRICIA L. HOPKINS | ) | |
| | ) | |

### General Provisions

This PLEA AGREEMENT is made this **17th** day of **August**, 2006,

between the United States of America, as represented by United States Attorney REGINALD I.

LLOYD, Assistant United States Attorney Winston D. Holliday, Jr.; the Defendant, **PATRICIA**

**L. HOPKINS**, and Defendant's Attorney, Parks N. Small, Esquire.

IN CONSIDERATION of the mutual promises made herein, the parties hereto agree as

follows:

1.      The Defendant agrees to plead guilty to Count 1 of the Indictment now pending,

which charges Conspiracy to Distribute OxyContin, a violation of Title 21, United States Code,

Section 846.

In order to sustain its burden of proof as to this offense, the Government is required to

prove the following:

### Count 1–Conspiracy to Distibute OxyContin, § 846

From on or about August 2004 through on or about June 2006, in the District of South

Carolina and elsewhere, the Defendant

(A)     agreed with at least one other person to distribute the drugs listed in the
Indictment;



(B)    knew of the conspiracy; and

(C)    knowingly and voluntarily became a part of the conspiracy.

**Possible Penalties for 21 U.S.C. §846**

Fine of $1,000,000
Imprisonment for 20 years
Supervised Release 3 years
Special Assessment $100

2.    The Defendant agrees to provide detailed financial information to the United

States Probation Office prior to sentencing.  The Defendant further agrees to enter into the

Bureau of Prisons Inmate Financial Responsibility Program if sentenced to a term of

incarceration with an unsatisfied monetary penalty.  The Defendant further understands and

agrees that any monetary penalty imposed is not dischargeable in bankruptcy.

> (A)    Fines: The Defendant understands and agrees that the court may impose
>
> a fine pursuant to 18 U.S.C. §§ 3571 and 3572, which fine may be due and
>
> payable immediately after sentencing regardless of whether the Defendant
>
> has the money to pay the fine.  In the event the Defendant does not have
>
> the money, the Defendant understands and agrees that the court may
>
> establish a payment schedule, taking into account the Defendant's present
>
> and future means of earning money, or of obtaining money to pay the fine.
>
> (B)    Special Assessment: Pursuant to 18 U.S.C. §3013, the Defendant must pay
>
> a special assessment of $100.00 for each felony count for which he is
>
> convicted.  This special assessment must be paid at or before the time of
>
> the guilty plea hearing.

-2-

3.    The Defendant understands that the matter of sentencing is within the sole discretion of the Court and that the sentence applicable to Defendant's case will be imposed after the Court considers as advisory the United States Sentencing Commission Guidelines, Application Notes and Policy Statements, as well as the factors set forth in Title 18, United States Code, Section 3553(a).  The Defendant also understands that Defendant's sentence has not yet been determined by the court, and that any estimate of a probable sentencing range Defendant may have received from Defendant's attorney, the Government or the United States Probation Office is only a prediction, not a promise, and is not binding on the Government, the Probation Office or the Court.  The Defendant further understands that the Government retains the right to inform the Court of any relevant facts, to address the Court with respect to the nature of the offense, to respond to questions raised by the Court, to correct any inaccuracies or inadequacies in the presentence report, to respond to any statements made to the Court by or on behalf of the Defendant and to summarize all evidence which would have been presented at trial to establish a factual basis for the plea.

4.    The Defendant agrees that all facts that determine her offense level under the Guidelines and pursuant to any mandatory minimum (including facts that support any specific offense characteristic or other enhancement or adjustment) can be found by the court at sentencing by a preponderance of the evidence standard and the court may consider any reliable evidence, including hearsay.  By executing this Agreement, the Defendant understands that he waives any argument that facts that determine her offense level under the Guidelines and pursuant to any mandatory minimum should be alleged in an indictment and found by a jury beyond a reasonable doubt.

5.      The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with the terms and conditions of any bond executed in this case.

6.      In the event that the Defendant fails to comply with any of the provisions of this Agreement, either expressed or implied, it is understood that the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw her plea of guilty to the offense(s) enumerated herein.

## Cooperation and Forfeiture

7.      The Defendant agrees to be fully truthful and forthright with federal, state and local law enforcement agencies by providing full, complete and truthful information about all criminal activities about which he has knowledge. The Defendant must provide full, complete and truthful debriefings about these unlawful activities and must fully disclose and provide truthful information to the Government including any books, papers, or documents or any other items of evidentiary value to the investigation. The Defendant must also testify fully and truthfully before any grand juries and at any trials or other proceedings if called upon to do so by the Government, subject to prosecution for perjury for not testifying truthfully. The failure of the Defendant to be fully truthful and forthright at any stage will, at the sole election of the Government, cause the obligations of the Government within this Agreement to become null and void. Further, it is expressly agreed that if the obligations of the Government within this Agreement become null and void due to the lack of truthfulness on the part of the Defendant, the Defendant understands that:

-4-

(A)    the Defendant will not be permitted to withdraw her plea of guilty to the offenses described above;

(B)    all additional charges known to the Government may be filed in the appropriate district;

(C)    the Government will argue for a maximum sentence for the offense to which the Defendant has pleaded guilty; and

(D)    the Government will use any and all information and testimony provided by the Defendant in the prosecution of the Defendant of all charges.

8.    The Defendant agrees to submit to such polygraph examinations as may be requested by the Government and agrees that any such examinations shall be performed by a polygraph examiner selected by the Government. Defendant further agrees that her refusal to take or her failure to pass any such polygraph examination to the Government's satisfaction will result, at the Government's sole discretion, in the obligations of the Government within the Agreement becoming null and void.

9.    The Government agrees that any self-incriminating information provided by the Defendant as a result of the cooperation required by the terms of this Agreement, although available to the Court, will not be used against the Defendant in determining the Defendant's applicable guideline range for sentencing pursuant to the U.S. Sentencing Commission Guidelines. The provisions of this paragraph shall not be applied to restrict any such information:

(A)    known to the Government prior to the date of this Agreement;

(B)    concerning the existence of prior convictions and sentences;

(C)     in a prosecution for perjury or giving a false statement; or

(D)     in the event the Defendant breaches any of the terms of the Plea

Agreement.

10.     Provided the Defendant cooperates pursuant to the provisions of this Plea

Agreement, and that cooperation is deemed by the Government as providing substantial

assistance in the investigation or prosecution of another person who has committed an offense,

the Government agrees to move the Court for a downward departure or reduction of sentence

pursuant to United States Sentencing Guidelines §5K1.1, Title 18, United States Code, § 3553(e)

or Federal Rule of Criminal Procedure 35(b). The Defendant further understands that any such

motion by the Government is not binding upon the Court, and should the Court sentence the

Defendant within the Guidelines, to the maximum penalty prescribed by law or refuse to reduce

the sentence imposed, the Defendant will have no right to withdraw her plea.

### Merger and Other Provisions

11.     The Attorneys for the Government stipulate and agree to the following for

purposes of calculating the Defendant's sentence pursuant to the United States Sentencing

Commission Guidelines:

(A)     The quantity of drugs in question amounts to 960 OxyContin (40 mg) pills, plus
        60 OxyContin (20 mg) pills, which is equivalent to 265.32 kilograms of
        marijuana for sentencing purposes, or a base offense level of 26; and
(B)     The number of levels for an applicable downward departure is three.

The Defendant understands that these stipulations are not binding upon the Court or the

United States Probation Office, and that the Defendant has no right to withdraw her pleas should

these stipulations not be accepted. Further, the Defendant understands and acknowledges that

-6-

these stipulations are binding on the Government only in the event the Defendant complies with ALL the terms of this Agreement and does not contest any of the above stipulations or any readily provable relevant conduct.

12.   The parties agree that if the Court determines the Defendant has readily demonstrated acceptance of responsibility for her offenses, that USSG § 3E1.1(a) applies, thereby providing for a decrease of two (2) levels. In addition, if the Defendant qualifies for a decrease under § 3E1.1(a), the Government will move that he receive the one level decrease set forth in § 3E1.1(b), and requests that this provision be considered as that request.

13.   The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

8/8/06
DATE

PATRICIA L. HOPKINS, Defendant

8-11-06
DATE

Parks N. Small
Attorney for the Defendant

-7-

REGINALD I. LLOYD
UNITED STATES ATTORNEY

**Aug. 17, 2006**
DATE

BY:

Winston D. Holliday, Jr.
Assistant U. S. Attorney

A TRUE COPY
Attest: Larry W. Propes
By: _____
DEPUTY CLERK

-8-

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIM. NO.: _1:06-596_ |
| | ) | 21 U.S.C. 846 |
| v. | ) | CR06-92 |
| | ) | |
| PATRICIA L. HOPKINS | ) | |
| | ) | INDICTMENT |

### COUNT 1

THE GRAND JURY CHARGES:

That beginning in or around August 2004, continuing thereafter up to and including the date of this Indictment, in the District of South Carolina and elsewhere, the Defendant, **PATRICIA L. HOPKINS**, knowingly and intentionally did combine, conspire, confederate and agree and have a tacit understanding with others, both known and unknown to the Grand Jury, unlawfully to distribute and possess with intent to distribute Oxycodone (commonly known as OxyContin) a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C);

All in violation of Title 21, United States Code, Sections 846.

FILED

AUG 2 9 2006

U.S. DISTRICT COURT
DISTRICT OF DELAWARE

A _TRUE_ BILL

A TRUE COPY
Attest: Larry W. Propes
By: Mary E. Deal
DEPUTY CLERK

s/Foreman
FOREMAN

s/Reginald I. Lloyd
REGINALD I. LLOYD   (WDHjr)
UNITED STATES ATTORNEY

PENALTY:

21 USC 846:

**MAXIMUM SENTENCE THIS COUNT**
**FINE OF $1,000,000 (18 USC 3571)**
**IMPRISONMENT FOR 20 YRS**
**SUPERVISED RELEASE FOR 3 YRS (18 USC 3583)**
**SPECIAL ASSESSMENT $100.00 (18 USC 3013)**



**UNITED STATES DISTRICT COURT**
DISTRICT OF SOUTH CAROLINA

OFFICE OF THE CLERK
1845 ASSEMBLY STREET
COLUMBIA, SOUTH CAROLINA  29201-2431
(803) 765-5816  FAX (803) 765-5960

LARRY W. PROPES
CLERK OF COURT

DIVISIONAL OFFICES

P. O. BOX 835
CHARLESTON, SC  29402
(843)579-1401 FAX 579-1402

P. O. BOX 10768
GREENVILLE, SC  29603
(864) 241-2700 FAX 241-2711

P. O. BOX 2317
FLORENCE, SC  29503
(843) 676-3820 FAX 676-3831

August 24, 2006

COPY

C R06-92 - UNA

Clerk of Court
Attention Keith Kincaid
United States District Court
J. Caleb Boggs Federal Building
844 North King Street
Wilmington, DE 19801-3519

      RE: United States of America vs. Patricia L. Hopkins
          CR 1:06-596

Dear Mr. Kincaid:

      Please find attached the following paperwork for a Transfer of Case for Rule 20 to your district:

          Copy of Indictment (certified copy)
          Copy of Consent to Transfer of Case (certified copy)
          Copy of Plea Agreement (certified copy)
          Docket Sheet (certified copy)

      Since we are an electronic court, you may dial into our electronic filing system and download the case. The address for our website is https:ecf.scd.uscourts.gov, enter log-on "colatran." The password is updated weekly, so please contact our help desk number at 803-253-3263 for the password. From the blue menu bar you need to select "query". In the case number field enter 06-596 and at the bottom of the screen click on "run query". Click on "docket report" and click on "run report". Scroll to the bottom of the page and click on each document number. Print document

      Please acknowledge receipt of this paperwork on the copy of this letter. If I can be of any further assistance in this matter, you can reach me at (803) 253-3921.

Very truly yours,
LARRY W. PROPES, CLERK

By:  Mary E. Deal, Deputy Clerk

FILED

AUG 29 2006

U.S. DISTRICT COURT
DELAWARE

Enclosures

**ACKNOWLEDGMENT:**

Received: _8/29/06_
        Date

By: _____
    Name and Title