

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

*Nemours Building*  (302) 573-6277
*1007 N. Orange Street, Suite 700*  *FAX (302) 573-6220*
*P.O. Box 2046*
*Wilmington, Delaware 19899-2046*

February 9, 2007

Honorable Sue L. Robinson
U.S. District Court for the District of Delaware
Federal Building
844 North King Street
Wilmington, DE 19801

    Re:    **United States v. Patricia L. Hopkins,**
              **Criminal Action No. 06-92-SLR**

Dear Judge Robinson:

    Enclosed is a copy of the Memorandum of Plea Agreement agreed to by the parties and counsel in the above-referenced matter. The government will provide the Court with a fully-executed copy of the Memorandum at the change of plea hearing scheduled for February 20, 2007 at 8:30 a.m.

    Because this case was transferred from the District of South Carolina pursuant to Rule 20, and the plea was negotiated prior to the transfer, the format of the Memorandum differs slightly from the format normally used in this District. In substance, however, it is essentially the same as our typical Memorandum.

    Counsel are available to discuss this matter at the Court's convenience.

                                Respectfully submitted,

                                COLM F. CONNOLLY
                              United States Attorney

BY: _/s/ Leonard P. Stark_____
       Leonard P. Stark
       Assistant United States Attorney

Enclosure

cc:    Christopher Koyste, Esq.

IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Criminal Action No. 06-92-SLR |
| ) | |
| Plaintiff, ) | [Rule 20 Transfer of |
| ) | D.S.C. Criminal No. 06-596] |
| ) | |
| v. ) | |
| ) | |
| ) | **PLEA AGREEMENT** |
| PATRICIA L. HOPKINS ) | |
| ) | |
| Defendant. ) | |

## General Provisions

This PLEA AGREEMENT is made this _____ day of _____, 2007, between the United States of America, as represented by the United States Attorney for the District of South Carolina, REGINALD I. LLOYD, Assistant United States Attorney Winston D. Holliday, Jr., the United States Attorney for the District of Delaware, Colm F. Connolly, and Assistant United States Attorney Leonard P. Stark; the Defendant, **PATRICIA L. HOPKINS**; and Defendant's Attorney, Christopher S. Koyste, Esquire.

IN CONSIDERATION of the mutual promises made herein, and in recognition of the fact that this matter has been transferred to this District from the District of South Carolina following execution of the necessary Consent to Transfer of Case for Plea and Sentence Under Rule 20 form on or about June 27, 2006, the parties hereto agree as follows:

1.    The Defendant agrees to plead guilty to Count 1 of the Indictment now pending, which charges Conspiracy to Distribute OxyContin, a violation of Title 21, United States Code, Section 846.

In order to sustain its burden of proof as to this offense, the Government is required to prove the following:

### Count 1–Conspiracy to Distribute OxyContin, § 846

From on or about August 2004 through on or about June 2006, in the District of South Carolina and elsewhere, the Defendant

(A) agreed with at least one other person to distribute the drugs listed in the Indictment;

(B) knew of the conspiracy ; and

(C) knowingly and voluntarily became a part of the conspiracy.

### Possible Penalties for 21 U.S.C. §846

Fine of $1,000,000
Imprisonment for 20 years
Supervised Release 3 years
Special Assessment $100

2. The Defendant agrees to provide detailed financial information to the United States Probation Office prior to sentencing. The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Responsibility Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands and agrees that any monetary penalty imposed is not dischargeable in bankruptcy.

(A) Fines: The Defendant understands and agrees that the court may impose a fine pursuant to 18 U.S.C. §§ 3571 and 3572, which fine may be due and payable immediately after sentencing regardless of whether the Defendant has the money to pay the fine. In the event the Defendant does not have the money, the Defendant understands and agrees that the court may

          establish a payment schedule, taking into account the Defendant's present and future means of earning money, or of obtaining money to pay the fine.

    (B)    <u>Special Assessment:</u> Pursuant to 18 U.S.C. §3013, the Defendant must pay a special assessment of $100.00 for each felony count for which she is convicted. This special assessment must be paid at or before the time of sentencing.

3.    The Defendant understands that the matter of sentencing is within the sole discretion of the Court and that the sentence applicable to Defendant's case will be imposed after the Court considers as advisory the United States Sentencing Commission Guidelines, Application Notes and Policy Statements, as well as the factors set forth in Title 18, United States Code, Section 3553(a). The Defendant also understands that Defendant's sentence has not yet been determined by the court, and that any estimate of a probable sentencing range Defendant may have received from Defendant's attorney, the Government or the United States Probation Office is only a prediction, not a promise, and is not binding on the Government, the Probation Office or the Court. The Defendant further understands that the Government retains the right to inform the Court of any relevant facts, to address the Court with respect to the nature of the offense, to respond to questions raised by the Court, to correct any inaccuracies or inadequacies in the presentence report, to respond to any statements made to the Court by or on behalf of the Defendant and to summarize all evidence which would have been presented at trial to establish a factual basis for the plea.

4.    The Defendant agrees that all facts that determine her offense level under the Guidelines and pursuant to any mandatory minimum (including facts that support any specific

offense characteristic or other enhancement or adjustment) can be found by the court at sentencing by a preponderance of the evidence standard and the court may consider any reliable evidence, including hearsay. By executing this Agreement, the Defendant understands that she waives any argument that facts that determine her offense level under the Guidelines and pursuant to any mandatory minimum should be alleged in an indictment and found by a jury beyond a reasonable doubt.

5. The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with the terms and conditions of any bond executed in this case.

6. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either expressed or implied, it is understood that the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw her plea of guilty to the offense(s) enumerated herein.

### Cooperation and Forfeiture

7. The Defendant agrees to be fully truthful and forthright with federal, state and local law enforcement agencies by providing full, complete and truthful information about all criminal activities about which she has knowledge. The Defendant must provide full, complete and truthful debriefings about these unlawful activities and must fully disclose and provide truthful information to the Government including any books, papers, or documents or any other items of evidentiary value to the investigation. The Defendant must also testify fully and truthfully before any grand juries and at any trials or other proceedings if called upon to do so by the Government, subject to prosecution for perjury for not testifying truthfully. The failure

of the Defendant to be fully truthful and forthright at any stage will, at the sole election of the Government, cause the obligations of the Government within this Agreement to become null and void. Further, it is expressly agreed that if the obligations of the Government within this Agreement become null and void due to the lack of truthfulness on the part of the Defendant, the Defendant understands that:

(A) the Defendant will not be permitted to withdraw her plea of guilty to the offenses described above;

(B) all additional charges known to the Government may be filed in the appropriate district;

(C) the Government will argue for a maximum sentence for the offense to which the Defendant has pleaded guilty; and

(D) the Government will use any and all information and testimony provided by the Defendant in the prosecution of the Defendant of all charges.

8. The Defendant agrees to submit to such polygraph examinations as may be requested by the Government and agrees that any such examinations shall be performed by a polygraph examiner selected by the Government. Defendant further agrees that her refusal to take or her failure to pass any such polygraph examination to the Government's satisfaction will result, at the Government's sole discretion, in the obligations of the Government within the Agreement becoming null and void.

9. The Government agrees that any self-incriminating information provided by the Defendant as a result of the cooperation required by the terms of this Agreement, although available to the Court, will not be used against the Defendant in determining the Defendant's

applicable guideline range for sentencing pursuant to the U.S. Sentencing Commission Guidelines. The provisions of this paragraph shall not be applied to restrict any such information:

    (A)    known to the Government prior to the date of this Agreement;

    (B)    concerning the existence of prior convictions and sentences;

    (C)    in a prosecution for perjury or giving a false statement; or

    (D)    in the event the Defendant breaches any of the terms of the Plea Agreement.

10. Provided the Defendant cooperates pursuant to the provisions of this Plea Agreement, and that cooperation is deemed by the Government as providing substantial assistance in the investigation or prosecution of another person who has committed an offense, the Government agrees to move the Court for a downward departure or reduction of sentence pursuant to United States Sentencing Guidelines §5K1.1, Title 18, United States Code, § 3553(e) or Federal Rule of Criminal Procedure 35(b). The Defendant further understands that any such motion by the Government is not binding upon the Court, and should the Court sentence the Defendant within the Guidelines, to the maximum penalty prescribed by law or refuse to reduce the sentence imposed, the Defendant will have no right to withdraw her plea.

### Merger and Other Provisions

11. The Attorneys for the Government stipulate and agree to the following for purposes of calculating the Defendant's sentence pursuant to the United States Sentencing Commission Guidelines:

(A) The quantity of drugs in question amounts to 960 OxyContin (40 mg) pills, plus 60 OxyContin (20 mg) pills, which is equivalent to 265.32 kilograms of marijuana for sentencing purposes, or a base offense level of 26; and

(B) The number of levels for an applicable downward departure is three (*see* ¶12 below).

The Defendant understands that these stipulations are not binding upon the Court or the United States Probation Office, and that the Defendant has no right to withdraw her pleas should these stipulations not be accepted. Further, the Defendant understands and acknowledges that these stipulations are binding on the Government only in the event the Defendant complies with ALL the terms of this Agreement and does not contest any of the above stipulations or any readily provable relevant conduct.

12. The parties agree that if the Court determines the Defendant has readily demonstrated acceptance of responsibility for her offenses, that USSG § 3E1.1(a) applies, thereby providing for a decrease of two (2) levels. In addition, if the Defendant qualifies for a decrease under § 3E1.1(a), the Government will move that she receive the one level decrease set forth in § 3E1.1(b), and requests that this provision be considered as that request.

13. The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be

modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

_____                    _____
DATE                                            PATRICIA L. HOPKINS, Defendant


_____                    _____
DATE                                            Christopher S. Koyste
                                                Attorney for the Defendant


                                                REGINALD I. LLOYD
                                                UNITED STATES ATTORNEY


_____             BY:    _____
DATE                                            Winston D. Holliday, Jr.
                                                Assistant U. S. Attorney


                                                COLM F. CONNOLLY
                                                UNITED STATES ATTORNEY


_____             BY:    _____
DATE                                            Leonard P. Stark
                                                Assistant U. S. Attorney


**AND NOW**, this ____ day of _____, _____, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

                                                _____
                                                SUE L. ROBINSON
                                                CHIEF, UNITED STATES DISTRICT JUDGE